**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 2:20 CR 209 |
| **Plaintiff,** | JUDGE Morrison |
| v. | **INDICTMENT** |
| **ABDULWAHAB SHARIF MOHAMED HASSAN,** | 18 U.S.C. § 2<br>18 U.S.C. § 371<br>18 U.S.C. § 922(a)(5)<br>18 U.S.C. § 922(a)(6) |
| **aka China,** | |
| **Defendant.** | **FORFEITURE** |

FILED
RICHARD W. NAGEL
CLERK OF COURT
2020 NOV 19 PM 12: 09
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

**THE GRAND JURY CHARGES:**

<u>COUNT 1</u>
**(Conspiracy to Illegally Traffic Firearms)**

1. Beginning at least in or around July 2018, the exact date being unknown to the Grand Jury, and continuing through at least in or around the middle part of 2019, in the Southern District of Ohio and elsewhere, the Defendant, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China**, and others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree together and with other persons, to commit certain offenses against the United States, to wit:

    a. Transferring, selling, giving, smuggling, and delivering firearms to persons not residing in the State where the transferor resides, in violation of 18 U.S.C. § 922(a)(5); and

    b. Making false and fictitious oral and written statements intended to, and likely to, deceive a firearms dealer with respect to facts material to the lawfulness of the sale or other disposition of firearms, in violation of 18 U.S.C. § 922(a)(6).

1

## MANNER AND MEANS OF THE CONSPIRACY

2.      It was part of the conspiracy that the organizational structure of the conspiracy was informal, and changed over time.

3.      It was further part of the conspiracy that a small group of co-conspirators, including **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China**, acquired and stockpiled firearms in Ohio and then smuggled the firearms to sell them in Canada.

4.      It was part of the conspiracy that the co-conspirators, including **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China**, would obtain the firearms, in part, through illegal means—for example, by recruiting straw purchasers to acquire the firearms by seemingly legal means, which straw purchasers would then, in violation of federal law, transfer and/or sell the firearms to individuals who were the actual intended owner(s) of the firearms.

5.      It was further part of the conspiracy that the co-conspirators would stockpile these firearms in the Southern District of Ohio, and then smuggle these firearms to Canada for the purpose of illegally reselling these firearms for profit.

6.      It was further part of the conspiracy that a small group of co-conspirators, including **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China**, were the leaders of the conspiracy.  In this role, by way of example, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China**, took part in, oversaw, was aware of, or allowed to happen, the stockpiling and smuggling of many of the loads of firearms to Canada.

7.      It was further part of the conspiracy that various co-conspirators successfully recruited female drivers to smuggle firearms across the border into Canada or pick up money related to the conspiracy in Canada, doing so by promising them, among other things, a free trip to Canada, payment, and access to drugs and alcohol.

2

8.     It was further part of the conspiracy that the co-conspirators often used Toyota Camrys for the execution of the conspiracy—in particular to smuggle the stockpiled firearms or money across the Canadian border, doing so because Toyota Camrys had a large void in the front-center console that could be removed for storage of firearms and money.

## OVERT ACTS

9.     In furtherance of the conspiracy, and in order to effect the objects thereof, at least one of the co-conspirators committed or caused to be committed, in the Southern District of Ohio, and elsewhere, at least one of the following overt acts, among others:

10.     On or about December 15, 2018, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China,** took part in causing the illegal purchase of firearms from a federal firearms licensee ("FFL") in the Southern District of Ohio.

11.     On or about December 30, 2018, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China,** took part in causing the illegal purchase of firearms from an FFL in the Southern District of Ohio.

12.     On or about January 26, 2019, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China,** and others known to the Grand Jury, traveled from the United States into Canada.

**All in violation of 18 U.S.C. § 371.**

3

## COUNT 2
### (False Statement During the Acquisition of Firearms)

13. On or about December 15, 2018, in the Southern District of Ohio, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China,** in connection with the firearms listed below, did aid and abet an unindicted co-conspirator in knowingly making false and fictitious written statements on Forms 4473 to a federally licensed firearms dealer, which statements were intended and likely to deceive the dealer as to a fact material to the lawfulness of the sale and other disposition of the firearms.

| Make | Model | Caliber | Serial No. |
|---|---|---|---|
| Ruger | Security-9 | 9mm | 381-76460 |
| Ruger | Security-9 | 9mm | 381-76484 |
| Smith & Wesson | M&P 45 Shield | 45 cal. | HRS3788 |
| Smith & Wesson | M&P 9 Shield | 9 mm | NBJ2995 |
| Smith & Wesson | SD9 | 9 mm | FZT6714 |
| Smith & Wesson | SD9 | 9 mm | FZW3745 |
| Smith & Wesson | SD9 | 9 mm | FZW3735 |
| Smith & Wesson | SD9 | 9 mm | FZX0957 |
| Smith & Wesson | M&P 9 Shield | 9 mm | HZN5361 |
| Smith & Wesson | M&P 9 Shield | 9 mm | HZN5389 |
| Smith & Wesson | M&P 9 | 9 mm | HDW7923 |
| Smith & Wesson | M&P 9 2.0 | 9 mm | NBJ2998 |
| Smith & Wesson | M&P 9 2.0 | 9 mm | NCB2848 |
| Smith & Wesson | M&P 9 2.0 | 9 mm | NCC9852 |
| Taurus | G2S | 9 mm | TLS52074 |
| Taurus | 709 | 9 mm | TJW50632 |
| Taurus | G2C | 9 mm | TLP10469 |
| Taurus | G2C | 9 mm | TLS52154 |
| Glock | 43 | 9 mm | BFXP808 |
| Glock | 23 | 9 mm | RNF258 |

**All in violation of 18 U.S.C. §§ 922(a)(6) and 2.**

4

## COUNT 3
### (False Statement During the Acquisition of Firearms)

14.     On or about December 30, 2018, in the Southern District of Ohio, **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China,** in connection with the firearms listed below, did aid and abet an unindicted co-conspirator in knowingly making false and fictitious written statements on Forms 4473 to a federally licensed firearms dealer, which statements were intended and likely to deceive the dealer as to a fact material to the lawfulness of the sale and other disposition of the firearms.

| Make | Model | Caliber | Serial No. |
|---|---|---|---|
| Smith & Wesson | M&P 9 M2.0 | 9 mm | NBD6592 |
| Smith & Wesson | M&P 45 M2.0 | 45 cal. | HRS3609 |
| Smith & Wesson | M&P 9 | 9 mm | HDW7911 |
| Smith & Wesson | M&P 9 | 9 mm | HYZ6812 |
| Smith & Wesson | M&P 9 M2.0 | 9 mm | NBJ6651 |
| Smith & Wesson | M&P M2.0 | 9 mm | HZC9153 |
| Smith & Wesson | SD9 | 9 mm | FZK4726 |
| Glock GMBH | 22 | 40 cal. | HRP625 |
| Diamondback Arms Inc. | DB9 | 9 mm | YE1682 |
| Tisas - Trabzon Gun Industry Corp. | Regent P45 | 45 cal. | T0620-17Y-00403 |
| Tisas - Trabzon Gun Industry Corp. | Regent P45 | 45 cal | T0620-17Y-00402 |
| Smith & Wesson | SD9 | 9 mm | FZV0256 |
| Smith & Wesson | M&P 45 | 45 cal | NBE2949 |
| Smith & Wesson | SD9VE | 9 mm | FZK4855 |
| Smith & Wesson | M&P 9 | 9 mm | HNF4487 |
| Smith & Wesson | M&P 45 Shield | 45 cal | HRS9939 |
| Smith & Wesson | M&P 9 M2.0 | 9 mm | NCC9484 |
| Taurus | G2C | 9 mm | TLP11007 |

**All in violation of 18 U.S.C. §§ 922(a)(6) and 2.**

5

## FORFEITURE ALLEGATION

15.     The allegations of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

16.     Upon conviction of any offense alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms or ammunition involved in or used in such offense, including but not limited to the following:

| Make | Model | Caliber | Serial No. |
|---|---|---|---|
| Ruger | Security-9 | 9mm | 381-76460 |
| Ruger | Security-9 | 9mm | 381-76484 |
| Smith & Wesson | M&P 45 Shield | 45 cal. | HRS3788 |
| Smith & Wesson | M&P 9 Shield | 9 mm | NBJ2995 |
| Smith & Wesson | SD9 | 9 mm | FZT6714 |
| Smith & Wesson | SD9 | 9 mm | FZW3745 |
| Smith & Wesson | SD9 | 9 mm | FZW3735 |
| Smith & Wesson | SD9 | 9 mm | FZX0957 |
| Smith & Wesson | M&P 9 Shield | 9 mm | HZN5361 |
| Smith & Wesson | M&P 9 Shield | 9 mm | HZN5389 |
| Smith & Wesson | M&P 9 | 9 mm | HDW7923 |
| Smith & Wesson | M&P 9 2.0 | 9 mm | NBJ2998 |
| Smith & Wesson | M&P 9 2.0 | 9 mm | NCB2848 |
| Smith & Wesson | M&P 9 2.0 | 9 mm | NCC9852 |
| Taurus | G2S | 9 mm | TLS52074 |
| Taurus | 709 | 9 mm | TJW50632 |
| Taurus | G2C | 9 mm | TLP10469 |
| Taurus | G2C | 9 mm | TLS52154 |
| Glock | 43 | 9 mm | BFXP808 |
| Glock | 23 | 9 mm | RNF258 |
| Smith & Wesson | M&P 9 M2.0 | 9 mm | NBD6592 |
| Smith & Wesson | M&P 45 M2.0 | 45 cal. | HRS3609 |
| Smith & Wesson | M&P 9 | 9 mm | HDW7911 |
| Smith & Wesson | M&P 9 | 9 mm | HYZ6812 |
| Smith & Wesson | M&P 9 M2.0 | 9 mm | NBJ6651 |
| Smith & Wesson | M&P M2.0 | 9 mm | HZC9153 |
| Smith & Wesson | SD9 | 9 mm | FZK4726 |
| Glock GMBH | 22 | 40 cal. | HRP625 |

6

| Make | Model | Caliber | Serial No. |
|---|---|---|---|
| Diamondback Arms Inc. | DB9 | 9 mm | YE1682 |
| Tisas - Trabzon Gun Industry Corp. | Regent P45 | 45 cal. | T0620-17Y-00403 |
| Tisas - Trabzon Gun Industry Corp. | Regent P45 | 45 cal | T0620-17Y-00402 |
| Smith & Wesson | SD9 | 9 mm | FZV0256 |
| Smith & Wesson | M&P 45 | 45 cal | NBE2949 |
| Smith & Wesson | SD9VE | 9 mm | FZK4855 |
| Smith & Wesson | M&P 9 | 9 mm | HNF4487 |
| Smith & Wesson | M&P 45 Shield | 45 cal | HRS9939 |
| Smith & Wesson | M&P 9 M2.0 | 9 mm | NCC9484 |
| Taurus | G2C | 9 mm | TLP11007 |

## Substitute Assets

17.     If any of the property described above as being subject to forfeiture, as a result of any act or omission of a defendant—

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the Court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property that cannot be subdivided without difficulty—

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

**Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.**

7

A TRUE BILL.

s/ Foreperson
**FOREPERSON**

**DAVID M. DEVILLERS**
**UNITED STATES ATTORNEY**

**S. COURTER SHIMEALL (0090514)**
Assistant United States Attorney

**KELLY A. NORRIS (0081254)**
Assistant United States Attorney

8