AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of Ohio

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

3962 MIGRATION LANE, COLUMBUS, OHIO 43230, a residence further described in Attachment A to the Affidavit in support of this Application

)
)
)
)
)
)
)

Case No. 2:20-mj-792

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A, which is fully incorporated herein by reference.

located in the _____ Southern _____ District of _____ Ohio _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B, which is fully incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(3) | Possession of a firearm or ammunition by a prohibited individual, namely a person who is an unlawful user of or addicted to any controlled substance under the Controlled Substances Act |

The application is based on these facts:
See Affidavit in Support of the Application, which is fully incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Teresa J. Petit, Special Agent
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 11-24-20

City and state: Columbus, Ohio

_____
*Judge's signature*

Chelsey M. Vascura, U.S. Magistrate Judge
_____
*Printed name and title*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA FOR SEARCH
OF 3962 MIGRATION LANE,
COLUMBUS, OHIO 43230

Case No. _____

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Teresa J. Petit, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), being duly sworn, depose and state as follows:

## INTRODUCTION

1.      I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2.      I am a Special Agent with ATF, and have been so since 2014, and I am currently assigned to the Columbus, Ohio, Field Office.

3.      I have participated in numerous investigations focusing on firearms trafficking, gangs, and distribution of illegal narcotics. I have conducted covert surveillance of suspected traffickers, interviewed numerous individuals involved in gangs and illegal firearm and/or narcotic trafficking trade, been a member of surveillance teams, participated in the execution of numerous state and federal search and arrest warrants involving firearm and/or illegal narcotic traffickers and violent offenders, and participated in the seizure of numerous firearms and controlled dangerous substances. Through my training, education and experience, I have become familiar with the manner in which firearms intended for criminal use are transported, stored, and resold, similar to the transportation, storage and distribution of illegal narcotics. I am also familiar with the methods

1

of payment for such unlawful transfer of firearms and/or narcotics, the distribution manner, and the manner in which firearm and/or narcotic traffickers communicate with each other.

4.     The facts in this Affidavit come from my personal observations, my training and experience, and information obtained from other agents, police officers, witnesses, telephone records, and reports. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Based on the facts set forth in this Affidavit, there is probable cause to believe that:

   a. **ABDULWAHAB SHARIF MOHAMED HASSAN, aka China** (referred to in this Affidavit as **HASSAN**), has committed violations of, among other statutes, 18 U.S.C. § 922(g)(3), that is, having possession of a firearm or ammunition by a prohibited individual, namely someone who is an unlawful user of or addicted to any controlled substance under the Controlled Substances Act, *see* 18 U.S.C. §§ 802, et seq.; and

   b. Execution of the proposed search warrant will lead to evidence of the above crime.

6.     I have not included all of the information relevant to the investigation in this Affidavit, but I do not believe that I have omitted any information that would have a tendency to defeat or negate a showing of probable cause. To the best of my knowledge and belief, all statements made in this Affidavit are true and correct.

## PURPOSE OF THE AFFIDAVIT

7.     I submit this Affidavit in support of a search warrant application to search the following property/residence(s): 3962 Migration Lane, Columbus, Ohio 43230 (the **TARGET PREMISES**).

2

**FACTS ESTABLISHING PROBABLE CAUSE**

8. On or about November 19, 2020, a Grand Jury in the Southern District of Ohio returned an Indictment charging **HASSAN** with conspiring to traffic firearms to Canada from approximately July of 2018 through approximately the middle part of 2019, all in violation of, among other statutes, 18 U.S.C. § 922(a)(5), which prohibits the transferring of firearms to persons not residing in the State where the transferor resides. *See* Case No. 2:20-cr-209, Southern District of Ohio. According to the Indictment, **HASSAN** was one of the leaders of the conspiracy. (*See* ¶ 6 in the Manner and Means of the Indictment in the above-described case.) Additionally, **HASSAN** was charged with two substantive counts of false statements during the acquisition of firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 2. It should be noted that the investigation revealed that the coconspirators, including **HASSAN**, oftentimes communicated about the conspiracy using their cell phones.

9. During this investigation, numerous sources of information (SOIs), who have had direct interactions with **HASSAN**, have been interviewed. These SOIs, whose information has been corroborated and are believed by law enforcement to have been truthful, all provide that **HASSAN** is a regular user of "Lean" and marijuana, and that he has abused these substances for years. I am aware, from training and experience, that "Lean" is slang for a prescribed cough syrup that contains promethazine and codeine, both of which, based upon training and experience, I understand to be controlled substances under the Controlled Substances Act. The investigation has indicated that **HASSAN** is and has been a consistent user of Lean and marijuana, at least during the past two years.

10. Many of these same SOIs indicate that **HASSAN** sells Lean and marijuana as well. Based on state tax records received from the Ohio Department of Taxation, **HASSAN** has not filed

business taxes for tax years 2015 through 2019; **HASSAN** filed personal taxes for tax years 2015 and 2016; and **HASSAN** did not file personal taxes in tax years 2017 and 2018. Approximately $1,140 was seized from **HASSAN** when he was arrested. **HASSAN** asked if could get the money back, and law enforcement told him that it depended on whether he could show he obtained the money from legitimate means. **HASSAN** was also told that law enforcement knows he has not filed taxes for the past few years and, although **HASSAN** did not verbally respond, he lowered his head as if to agree. Additionally, when speaking with law enforcement on November 24, 2020, **HASSAN's** wife said that she did not work during 2019 and she did not file taxes for 2019, but that she has worked from April through July 2020.

11. **HASSAN** was charged with OVI, a misdemeanor of the first degree, for an offense that occurred on July 22, 2019. On or about February 26, 2020, **HASSAN** entered a guilty plea to reckless operation of a motor vehicle, a misdemeanor of the third degree, in Franklin County Municipal Court. As part of the sentence for that conviction, **HASSAN** is on probation through February 25, 2022.

12. On or about November 24, 2020, **HASSAN** was arrested pursuant to an arrest warrant issued regarding the above-named federal firearms-trafficking case indicted on or about November 19, 2020. **HASSAN** was arrested at 3962 Migration Lane, Columbus, Ohio 43230, the **TARGET PREMISES**, which is the suspected residence of **HASSAN**, his wife, and his minor child, all of whom were home when the arrest of **HASSAN** occurred.

13. During the arrest of **HASSAN**, pursuant to standard practice for officer safety, law enforcement performed a protective sweep of the **TARGET PREMISES**. During the sweep, law enforcement saw, in plain sight, a Glock manufactured Model 30 Gen 4, .45 caliber pistol in the kitchen, next to the sink. Next to the Glock pistol was a lanyard that had keys on it, one of which

appeared to be a key for the residence. It is believed these keys belong to **HASSAN** because **HASSAN's** wife, who was present when law enforcement initially arrested **HASSAN**, left the residence with the minor child, and she did not take the keys that were next to the Glock pistol. Law enforcement also observed, in plain sight, a prescription bottle of cough syrup that contains promethazine and codeine (which is used for Lean, as described above) and one baggie of marijuana, containing two golf-ball sized amounts of marijuana. The prescription cough syrup and marijuana were found on top of the washing machine, which is in close proximity to the kitchen. It is estimated that the Glock pistol was approximately 10 feet away from the prescription cough syrup and marijuana.

14. The label on the prescription cough syrup bottle observed in plain view contains notable information. First, although the label exists, the name of the person to whom the prescription was issued is ripped off of the label. Second, the label indicates that the prescription cough syrup bottle, which is approximately 1/3 full (i.e. contains approximately 2 ounces), was filled yesterday, November 23, 2020. Lastly, according to the label, the prescription was filled at a pharmacy in Mount Vernon, Ohio. Law enforcement called the pharmacy and confirmed prescribed individual for this prescription was not **HASSAN**.

15. A firearms nexus expert with ATF has confirmed via a verbal description of the firearm that the Glock pistol observed in plain view was manufactured outside the State of Ohio and, therefore, to have been found in Ohio, the Glock pistol must have affected interstate commerce.

5

## CONCLUSION

16. Based on the above, probable cause exists to believe that:

    a. **HASSAN** has committed violations of, among other statutes, 18 U.S.C. § 922(g)(3), that is, having possession of a firearm or ammunition by a prohibited individual, namely a person who is an unlawful user of or addicted to any controlled substance under the Controlled Substances Act, *see* 18 U.S.C. §§ 802, *et seq.*; and

    b. Execution of the proposed search warrant at the **TARGET PREMSIES**, as described in Attachment A, will lead to evidence of the above crime.

17. I therefore seek a search warrant authorizing law enforcement to search the **TARGET PREMISES** identified in Attachment A, and to seize the items described in Attachment B hereto, incorporated herein by reference.

_____
Teresa J. Petit
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn and subscribed to me this 24 day of November, 2020.

_____
CHELSEY M. VASCURA
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

6

## ATTACHMENT A

The property to be searched is located at 3962 Migration Lane, Columbus, Ohio 43230, which is a two-story town house with red brick located within a multi-unit town home complex that has six town homes per stand-alone structure, and within its six-unit stand-alone structure, 3962 Migration Lane is the second town house from the west (if going west to east, facing north) with the numbers "3962" on the front door.

## ATTACHMENT B

Probable cause exists to believe that all items contained in the property described in Attachment A relate to violations of 18 U.S.C. § 922(g)(3), that is, having possession of a firearm or ammunition by a prohibited individual, namely a person who is an unlawful user of or addicted to any controlled substance under the Controlled Substances Act, *see* 18 U.S.C. §§ 802, et seq., including, but not limited to the following:

(a)     Ammunition and/or firearms;

(b)     Records of the acquisition and/or purchase of firearms and/or ammunition;

(c)     Any and all documents, records, boxes or indicia related to the purchase, sale, transfer, transportation, or possession of firearms and/or ammunition;

(d)     Log books, records, payment receipts, notes, and/or computer lists, ledgers, sales tags and other papers relating to the purchasing, ordering, processing, storage, distribution, and/or use of firearms and/or controlled substances;

(e)     Any and all suspected controlled substances or suspected counterfeit controlled substances;

(f)     United States currency;

(g)     Any and all cell phones; and

(h)     Any other items which constitute evidence of crimes of 18 U.S.C. § 922(g)(3), that is, possession of a firearm and/or ammunition by a prohibited person, namely, an unlawful user of or addict to any controlled substance.

8